Argued October 23, affirmed November 24, 1975, reconsideration
denied January 7, petition for review denied January 27, 1976

## STATE OF OREGON, *Respondent, v.* DENNIS GEORGE HOLLAND (No. 74 1768, CA 4774), *Appellant.*

542 P2d 923

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Richard L. Caswell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and LEE, Judges.

LEE, J.

Defendant appeals the revocation of his probation.

On October 7, 1974 defendant was before the court for sentencing. The court ordered that "imposition of sentence be suspended and the defendant be * * * placed on probation * * * for * * * three * * * years." One of the terms of the probation was that defendant commit no crime. The court also ordered that defendant "be confined in the Lane County jail for a period of thirty days and that he abide by such further rules and regulations as the probation officer may prescribe." Finally, the court "FURTHER ORDERED that defendant be remanded to the legal and physical custody of the Lane County Sheriff's Department." Thereafter the court granted defendant's request for security release pending appeal pursuant to ORS 135.250(2)(d)[1] and 135.285(2).[2] Defendant never served the thirty days in jail.

---

[1] ORS 135.250(2)(d) provides:

"If the defendant is released after judgment of conviction, the conditions of the release agreement shall be that he will:
"* * * * * *

"(d) Comply with such other conditions as the court may impose   * * *."

[2] ORS 135.285(2) provides, in part:

"* * * If a defendant appeals after judgment of conviction in circuit court for any crime other than murder or treason, release shall be discretionary."

■ On April 18, 1975 defendant was convicted of three counts of criminal activity in drugs which prompted the court to revoke his probation on May 2, 1975. Defendant's position on this appeal is that at the time of the drug conviction he was not on probation and therefore could not violate his probation. Defendant relies on ORS 138.135(1) which provides:

> "A *sentence of confinement* shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail. If a defendant is not admitted to bail and elects not to commence service of the sentence pending appeal, he shall be held in custody at the institution designated in the judgment without execution of sentence, except as provided in ORS 138.145." (Emphasis supplied.)

A "sentence of confinement" refers to actual incarceration. The exception provided by ORS 138.145 relates to temporary retention of custody and is inapplicable to the case at bar.

In context of the facts with which we are here concerned, "sentence" and "probation" have different meanings. *Cf.* ORS 137.010.[9]

---

[9] ORS 137.010 provides:

"(1) The statutes that define offenses impose a duty upon the court having jurisdiction to pass sentence in accordance with this section unless otherwise specifically provided by law.

"(2) When a person is convicted of an offense, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of sentence for any period of not more than five years.

"(3) If the court suspends the imposition or execution of sentence, the court may also *place the defendant on probation* for a definite or indefinite period of not less than one nor more than five years.

"(4) The power of the judge of any court to suspend

■ The fact that the defendant did not serve the thirty days in jail did not mean that he was not on probation. It was, therefore, possible for the court to find that the defendant had violated his probation.

Affirmed.

---

execution of *sentence* or to grant *probation* to any person convicted of a crime shall continue until the person is delivered to the custody of the Corrections Division.

"(5) When a person is convicted of an offense and the court does not suspend the imposition or execution of sentence or when a suspended sentence or probation is revoked, the court shall impose the following sentence:

"(a)  A term of imprisonment; or

"(b)  A fine; or

"(c)  Both imprisonment and a fine; or

"(d)  Discharge of the defendant.

"(6) This section does not deprive the court of any authority conferred by law to decree a forfeiture of property, suspend or cancel a license, remove a person from office or impose any other civil penalty. An order exercising that authority may be included as part of the judgment of conviction." (Emphasis supplied.)